IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 22-10-RGA |
| JAMIL JOHNS, | : | |
| Defendant. | : | |

MEMORANDUM ORDER

Defendant was charged with a single count of being a felon in possession of a firearm in 2021. (D.I. 5). He was alleged to have possessed two firearms—a Taurus G2C 9mm semiautomatic handgun and a Smith & Wesson M&P Shield 9mm semi-automatic pistol, both loaded with ammunition. (*Id*.). In due course, on February 13, 2023, he entered a guilty plea to the single count of the indictment. (D.I. 39). The case was headed for sentencing when the Court of Appeals decided *Range v. Attorney General United States of America*, 69 F.4th 96 (3d Cir. 2023) (en banc). Sentencing was continued and Defendant filed a motion to dismiss the indictment, arguing that the felon-in-possession statute was unconstitutional on its face and as applied to him. (D.I. 60). The Government filed a response. (D.I. 63). Since Defendant was out on bail, I let the motion pend while awaiting further developments.

In the meantime, in another case, I stated my view that the felon-in-possession statute was not unconstitutional on its face. *United States v. Cook*, 2023 WL 8433510, at *2 (D.Del. Dec. 5, 2023). Nothing has happened since *Cook* to cause me to alter that opinion. The Supreme

Court's recent decision in *United States v. Rahimi*, 144 S.Ct. 1889 (2024), noted,[1] "prohibitions, like those on the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.'" *Id*. at 1902.

      I consider whether the statute is unconstitutional as applied to Defendant. Defendant is age 28. He is a U.S. citizen. He was convicted in 2014 of the felony of carrying a concealed deadly weapon—a firearm—for which he essentially was sentenced to two years probation. (D.I. 51 at ¶ 45). In 2019, he was convicted of misdemeanor possession of a controlled substance. (*Id*. at ¶ 48). In 2019, he also had an arrest for misdemeanor possession of marijuana, which was later nolle prossed. (*Id*. at ¶ 53). Considering that Defendant's seven-year-old felony involved illegal carrying of a firearm, and that he had a two-year-old conviction for a misdemeanor, I do not think that the felon-in-possession statute as applied to him is unconstitutional. The only basis for possibly calling that conclusion into question is *Range*.[2] Assuming the best case scenario for Defendant—that *Range* will eventually be reaffirmed by the Court of Appeals, without any significant modification,[3] I nevertheless think that *Range* does not help Defendant. Range was an outlier:

> Range had been convicted in 1995 of a non-violent misdemeanor (considered to be a felony for federal purposes due to the maximum sentence being five years

---

[1] I say "noted" because it is not a holding.
[2] In view of the *Rahimi* decision, the Supreme Court vacated and remanded *Range* to the Court of Appeals for further consideration. *See Range*, No. 21-2835 (D.I. 117 July 2, 2024). The Court of Appeals has asked for further briefing. (*Id*. (D.I. 118 July 12, 2024)).
[3] I think it is fair to say that the Supreme Court (which vacated and remanded a number of cases with pending certiorari petitions along with *Range*) was suggesting generally that, to the extent any court had misread *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111 (2022), it was to require more from the government/prosecutor than *Bruen* fairly required. *Rahimi*, 144 S.Ct. at 1897 ("[S]ome courts have misunderstood the methodology of our recent Second Amendment cases. These precedents were not meant to suggest a law trapped in amber."). I am not offering any opinion about what the Court of Appeals should do or is likely to do in *Range*. I am simply saying that the general tenor of *Rahimi* was to suggest that there was a greater range of permissible firearms regulation than one might have thought solely on the basis of *Bruen*.

       imprisonment), served a probationary sentence, paid his financial obligations caused by the conviction, and otherwise lived without contact with the criminal justice system for more than twenty years. He then came to court so that he could purchase a long gun to go hunting or a shotgun for self-defense at home. His is a compelling story.

*Cook*, 2023 WL 8433510, at *2.  There is a world of difference between Range and Defendant.[4]

The motion to dismiss the indictment (D.I. 60) is DENIED.

       IT IS SO ORDERED this 19th day of July 2024.

                                                    /s/ Richard G. Andrews
                                                    United States District Judge

---

[4] Since Defendant did not go to court voluntarily to seek relief before possessing the firearms in this case, the record is less developed as to whether he had some legitimate justification similar to Range's for wanting to possess a firearm.  Indeed, Defendant's motion says almost nothing about Defendant other than naming the charge against him and his two previous convictions.